IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN W. PEROTTI,

      Petitioner,

v.                                        CIVIL ACTION NO. 1:14cv112
                                            (Judge Keeley)

WARDEN R.A. PERDUE,

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 26, 2014, Petitioner filed a *pro se* Application for Habeas Corpus pursuant to 28 U.S.C. §2241 challenging a disciplinary proceeding conducted at FCI Fairton, New Jersey. Respondent was ordered to answer, and filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Response. Although Petitioner was advised of his rights to file a reply, and was granted two enlargements of time, he did not file a reply. On March 1, 2015, the undersigned issued a Report and Recommendation, recommending that Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be granted, and the petition be dismissed. On May 11, 2015, Petitioner filed objections to the Report and Recommendation. On July 6, 2015, the Honorable Irene M. Keeley, United States District Judge entered an Order recommitting the case to the undersigned for the limited purpose of addressing Petitioner's claim that the delay in the administrative process violated his constitutional rights. Accordingly, on July 7, 2015, the undersigned issued an Order for a limited supplemental response from Respondent and affording Petitioner until August 14, 2015, to file any reply he may have. To date, Petitioner has not filed a reply. Accordingly, the undersigned now issues this supplemental Report and Recommendation.

1

## II. FACTS

Petitioner is currently serving a sentence of 210 months imposed in the Northern District of Ohio for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) and 922(e). See United States v. Perotti, 226 F.App'x 516 (6th Cir. 2007). At the time Petitioner filed his habeas petition with this Court, he was incarcerated at FCI Gilmer. He since has been transferred to USP Leavenworth. According to the BOP website, his current projected release date is April 22, 2019.

Petitioner is challenging the disciplinary action for Incident Report No. 2527876, wherein he was charged with assault while confined at FCI Fairton, New Jersey. On February 6, 2014, the Disciplinary Hearing Officer ("DHO") found that Petitioner had committed the prohibited act of Assault, Code 224, and Petitioner was sanctioned with the loss of twenty-seven days of Good Conduct Time. On April 18, 2014, the Regional Director remanded the disciplinary action and advised Petitioner that he would be notified of the date and time of any further proceedings. Petitioner was advised that after further proceedings, he could appeal again, if he so desired. ECF No. 1-1 at 2. At the time Petitioner initiated this action, his re-hearing had not been conducted. However, one of the claims Petitioner raised was that rehearing the case eight (8) months after the incident would deprive him of his right to a "fundamentally fair" hearing due to the failing memories of witnesses and will violate his Fifth and Eighth Amendment rights.[1] It is this one claim which is the subject of this Supplemental Report and Recommendation.

## III. ANALYSIS

Prison disciplinary proceedings are not criminal prosecutions, and prisoners do not enjoy

---

[1] As evidenced by the materials attached to his objections to the Report and Recommendation, Petitioner's rehearing took place on October 16, 2014, at USP Leavenworth. ECF No. 34 at 8. Accordingly, the rehearing was indeed conducted approximately eight months after the first hearing. As a result of the hearing, Petitioner was again found guilty of violating Code 224, Assaulting without Serious Injury, and sanctioned with the loss of 27 days of good conduct time. ECF. No. 34 at 12.

2

"the full panoply of due process rights due a defendant in such [criminal] proceedings." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credit, Wolff holds that due process requires the following:

1. giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

Id. at 564-571.

Therefore, the only time requirement under Wolff is that the inmate receive written notice of the charge within 24 hours of the disciplinary hearing. There are no other time requirements necessary to comport with federal due process. Kokoski v. Small, No. 07-0145, 2008 WL 3200811 *19 (S.D.W.Va, No. 1:03-cv-149, 2004 WL 3317657 *7; see also Moses v. Bledsoe[2], 2004 WL

---

[2]On September 25, 2001, Moses was involved in an altercation at the Federal Detention Center ["FDC"] in Philadelphia. Moses had a disciplinary hearing on November 21, 2001. The DHO found that Moses had committed the acts for which he was charged. On December 19, 2001 Moses was transferred to FCI-Beckley. He then appealed the disciplinary action, and on March 15, 2002, his appeal was granted for rehearing at FCI-Beckley. The rehearing was initially held on July 23, 2002, but was continued so that his staff representative could locate and contact witnesses. The hearing was reconvened on August 30,

3317657 *7 (N.D. W.Va. September 28, 2004)(the regulations only state when the initial hearings are **ordinarily** held)(emphasis added); Kokoski v. Small, No. 07-0145, 2008 WL 3200811 *19 (S.D.W.Va. August 5, 2008)("the only time requirement under Wolff is that the inmate receive written notice of the charge within 24 hours of a disciplinary hearing"). Accordingly, the fact that there was a lapse in time between the assault of which Petitioner was accused and when the rehearing was held, is not a violation of due process. See Jones v. Cross, No. 10-3392, 2011 WL 1466589 *5 (7th Cir. April 19, 2011)(delays in holding a DHO hearing do not impose an "atypical or significant hardship" warranting due process protection).

Finally, the undersigned notes that the BOP regulations regarding Inmate Discipline are codified at 28 C.F.R. § 541.1 - 541. 8. Those regulations do not contain any time limitations other than the following: (1) the inmate will ordinarily receive the incident report within 24 hours of staff becoming aware of his involvement in the incident and (2) the inmate will receive written notice of the charges against him at least 24 hours before the DHO's hearing. Even if the regulations contained a provision setting the time within which a DHO hearing must be conducted, and the provision was mandatory, Petitioner would not be entitled to relief unless he could show he was prejudiced by the delay. See generally Moses at 7; Von Kahl v. Brennan, 855 F.Supp. 1413, 1421 (M.D. Pa. 1994).

Here, Petitioner alleged he would be prejudiced by the delay. Accordingly, Petitioner was, in effect, seeking prospective relief before the outcome of the rehearing was even known. The rehearing has now occurred and sanctions imposed. Therefore, Petitioner is in the posture to contest the result of that rehearing and demonstrate actual prejudice which resulted from the delay between

---

2002. The DHO found Moses guilty of the charges and sanctioned him, to among other things, disallowance of 54 days of good time credit. Despite this delay, the district court denied and dismissed Moses' § 2241 petition.

4

the alleged incident and the rehearing. However, because the rehearing and sanctions did not occur until after Petitioner was transferred out of this judicial district, the Warden of FCI Gilmer is not the proper respondent for any alleged deficiencies that occurred at the hearing held at USP Leavenworth. Rather, Petitioner must filed a petition in the district court having jurisdiction over the Warden of USP Leavenworth.

### IV. SUPPLEMENTAL RECOMMENDATION

Accordingly, the undersigned concludes that Petitioner's assertion that the delay in rehearing would violate his Fifth and Eighth Amendment rights is without legal support and does not provide a basis for what is, in effect, a request for injunctive relief prohibiting the rehearing. Therefore, it is recommended that this matter be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a § 2241 in the district in which he is currently incarcerated challenging the results of his rehearing.

Within fourteen (14) days after being served with a copy of this supplemental report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation

to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 21, 2015

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE