IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN W. PEROTTI,

      Petitioner,

v.                //    CIVIL ACTION NO. 1:14CV112
                            (Judge Keeley)

WARDEN R.A. PERDUE,

      Respondent.

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
[DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS
DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

Pending before the Court is the Supplemental Report and Recommendation ("Supplemental R&R") (dkt. no. 42) of the Honorable Robert W. Trumble, United States Magistrate Judge, regarding a Motion to Dismiss or for Summary Judgment filed by the defendant, Warden R.A. Perdue ("Perdue") (dkt. no. 16). Specifically, the magistrate judge's Supplemental R&R follows this Court's July 6, 2015, Order Recommitting Case to Magistrate Judge for Limited Purpose of Addressing Claim of Administrative Delay. (Dkt. No. 36).

I. **BACKGROUND**

Petitioner's claims stem from a February 6, 2014, disciplinary hearing at which the disciplinary hearing officer ("DHO")at FCI Fairton, New Jersey, determined that the petitioner, John W. Perotti ("Perotti"), then an inmate at that facility, had assaulted another inmate. As a consequence, the DHO revoked twenty-seven (27) days of Perotti's good conduct time ("GCT").

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

On April 18, 2014, the Regional Director of the Bureau of Prisons ("BOP") remanded the incident for a rehearing because of "questions concerning the disciplinary hearing record and the documentary evidence used to support the charge." (Dkt. No. 8-1 at 2). The Regional Director further advised Perotti that "[y]ou will be notified of the date and time of any further proceedings." Id.

Documentation submitted by Perdue in this proceeding has established that, as of September 11, 2014, "the disciplinary action no longer appear[ed] on [Perotti's] Chronological Disciplinary Record, [and] the 27 days of [GCT] were credited back to him." (Dkt. No. 17-1 at 2). After reinstatement of Perotti's twenty-seven (27) days of GCT, Perotti was transferred to FCI Leavenworth, Kansas, where, on October 16, 2014, a rehearing on the original incident took place. This rehearing occurred approximately eight months after the initial hearing, and approximately ten months after the incident. The Leavenworth DHO found Perotti guilty of violating Code 224, Assaulting with Serious Injury, which resulted in Perotti again losing twenty-seven (27) days of GCT. (Dkt. No. 34 at 8).

**PEROTTI V. PERDUE**　　　　　　　　　　　　　　　　　　　　　　　　**1:14CV112**

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

Prior to the rehearing, Perotti filed a § 2241 petition on July 3, 2014, claiming, among other things,[1] that, if any rehearing was to be held, it would violate his constitutional rights due to delay. (Dkt. No. 8 at 5). At the time Perotti filed this petition, he was no longer an inmate at FCI Fairton, having been moved to FCI Gilmer, West Virginia.[2] Gilmer's Warden, Perdue, responded to the petition by filing a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Response. (Dkt. No. 16).

Although Perotti was advised of his right to file a reply, and was granted two enlargements of time within which to do so, he failed to file any reply. In his Report and Recommendation (the "first R&R") filed on March 10, 2015, Magistrate Judge Trumble recommended that Perdue's motion to dismiss be granted, and Perotti's petition be dismissed. (Dkt. No. 26). On May 11, 2015, Perotti filed late objections to the first R&R. (Dkt. No. 34).

On July 6, 2015, this Court entered a Memorandum Opinion and Order addressing Perotti's objections. (Dkt. No. 36). However,

---

[1] Perotti's additional claims are well laid out in the magistrate judge's R&R (dkt. no. 26), which the Court adopted in its July 6, 2015 order (dkt. no. 36).

[2] As noted earlier, Perotti subsequently was transferred to FCI Leavenworth, Kansas, where his rehearing was conducted. Sometime after that, he was moved again, this time to FCI Greenville, Illinois.

**PEROTTI V. PERDUE**                                                1:14CV112

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
[DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

because the first R&R had not analyzed Perotti's claim that the delay between the original hearing and any future rehearing would violate his constitutional rights, the Court recommitted the case to Magistrate Judge Trumble for the limited purpose of determining whether Perotti's constitutional rights had been violated by any delay in the administrative process. (Dkt. No. 36). With the exception of this limited issue, the Court "concur[red] with all the conclusions set forth in the [first] R&R . . . ." (Dkt. No. 36).

Magistrate Judge Trumble set a briefing schedule, which required Perdue to file a supplemental response by July 21, 2015, and Perotti to file any reply by August 14, 2015.[3] (Dkt. No. 37). Perdue timely filed his response (dkt. no. 39), but, as of the August 14 deadline, Perotti had not replied. Accordingly, the

---

[3] On August 31, 2015, the Court received a letter from Perotti claiming that he had never received the Government's response to the Supplemental R&R, despite the undisputed fact that Perotti had received notice on July 15, 2015 that the Government was required to file its response by July 21, 2015 and that his reply was due on August 21, 2015.

On September 2, 2015, this Court directed the Clerk to forward a copy of the Government's response to Perotti and ordered Perotti to file any reply by September 10, 2015. (Dkt. No. 44). Perotti received Government's response on September 8, 2010, but failed to file a response or to request for extension. It should be noted that the Court's September 2, 2015 Order clearly noted that "[n]o additional extensions would be granted." (Dkt. No. 44).

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

magistrate judge filed his Supplemental R&R on August 21, 2015 (dkt. no. 42) without having heard from Perotti. It was not until almost one (1) month later, September 18, 2015, that Perotti finally filed a reply with this Court. (Dkt. No. 46).

## II. THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

The Supplemental R&R addressed the sole issue of whether delay in the administrative process had violated Perotti's constitutional rights. It noted that prison disciplinary proceedings are not equivalent to criminal proceedings and do not provide the same due process rights. Moreover, it observed that the only time requirement pertaining to prison disciplinary proceedings is that the prisoner receive written notice of the charge levied against him within 24 hours of the disciplinary hearing. Officials need not adhere to any other time constraints in order to comport with federal due process requirements. (Dkt. No. 42 at 3).

In addition, the Supplemental RR noted that BOP regulations codified at 28 C.F.R. § 541.1-541.8 contain no time limitations other than those related to 24 hour notice of the charge and of the hearing. It further noted that, even if the regulations contained a mandatory time limit within which to conduct the hearing, Perotti

**PEROTTI V. PERDUE**                                            **1:14CV112**

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

would be required to show actual prejudice before being entitled to relief.

Lastly, the Supplemental R&R determined that Perdue was not the proper respondent because the rehearing, when held, occurred at FCI Leavenworth. Perdue is the Warden at FCI Gilmer and thus not the proper respondent to any challenge to the rehearing.

### III. PEROTTI'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

In his objections, Perotti asserts that courts have frequently found that delays in administrative hearings can amount to due process violations. In support of this argument, he relies on a decision by the West Virginia Supreme Court of Appeals in Tasker v. Griffith, 238 S.E.2d 229 (W.Va. 1977), holding that administrative segregation or geographical distance from witnesses and evidence can give rise to due process violations. (Dkt. No. 46 at 4).

Perotti also disagrees that Perdue is not the proper respondent. He contends that this Court maintains jurisdiction over his claim because he filed his petition while incarcerated at FCI Gilmer, and because the BOP transferred him for illegitimate reasons; indeed, he contends that the BOP continues to transfer him in an effort to intentionally interfere with his filings.

6

**PEROTTI V. PERDUE**                                              **1:14CV112**

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

IV. **STANDARD OF REVIEW**

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete V Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983)).

Here, Perotti's late objections to those portions of the magistrate judge's first R&R focused on the following claims: (1) that his confinement in the Special Housing Unit ("SHU") violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq.; and (2)that the delay between the date of the incident and the date of the rehearing violated his constitutional rights. As to Perotti's objection that his confinement in the SHU violated the APA, the Court fully addressed that issue in its July 6, 2015 Order (dkt. no. 36), and found no violation of the APA.

Because Perotti objected to the magistrate judge's findings in the first R&R regarding his claim that the delay between the incident and rehearing violated his due process rights, and because

7

**PEROTTI V. PERDUE**                                                1:14CV112

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

he renewed that claim in his objection to the Supplemental R&R, the Court reviews that issue de novo.

**V. ANALYSIS**

    **A.   Due Process Regarding Delay in Disciplinary Hearing**

"An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law." Moses v. Bledsoe, 2004 WL 3317657, at *2 (N.D.W.Va. 2004)(citing Wolff v. McDonnell, 418 U.S. 539, 555 (1974)). Significant delays in criminal proceedings can potentially rise to the level of constitutional due process violations. See United States v. Johnson, 732 F.2d 379, 381-82 (4th Cir. 1984) ("[U]ndue delay in processing an appeal *may* rise to the level of a due process violation."); see also United States v. Hood, 556 F.3d 226, 237-38 (4th Cir. 2009) (citing Johnson, 732 F.2d at 381-82).[4]

---

[4] Although Johnson and Hood relate to delay in post conviction appeals, the Johnson court set forth a four-factor test that applies to a variety of delays. Indeed, the four factors established in Johnson were culled from the Supreme Court opinion in Baker v. Wingo, 47 U.S. 514 (1972), which dealt with a potential due process violation of the sixth amendment right to a speedy trial. See also United States v. Timms, 64 F.3d 436, 454, n. 17 (4th Cir. 2012) (noting that Johnson factors also could be applied to determine whether delay in hearing on post-sentence civil commitment constituted a due process violation).

**PEROTTI V. PERDUE**                                                1:14CV112

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
[DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

Critically, although prisoners have not lost all constitutional and due process clause protections, "[l]awful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen." Wolff, 418 U.S. at 555. Among those rights and privileges lost by prisoners are some of the due process rights guaranteed during criminal proceedings. Id. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such [criminal] proceedings does not apply.").

Indeed, in Wolff, the Supreme Court held that compliance with due process in the context of prisoner disciplinary hearings only requires prison officials to provide the following:

(1) written notice to the prisoner of his charges at least twenty-four (24) hours prior to the disciplinary hearing;

(2) "a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;"

(3) the opportunity for the prisoner to call witnesses and present documentary evidence in his defense when

9

**PEROTTI V. PERDUE**                                              **1:14CV112**

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
[DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

 permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

 (4) the opportunity for the prisoner to seek the aid of a fellow inmate, staff member, or competent inmate designated by the staff, if the prisoner is illiterate, or if the issue is sufficiently complex; and

 (5) impartial fact finders.

Wolff, 418 U.S. at 564-71. Notably, the rights to confrontation and cross examination are not guaranteed in disciplinary hearings. Id. at 567-68.

 Of critical importance to Perotti's allegations here, no further time requirements, including limitations on the time between incidents and hearings, are necessary to comply with due process. See Kokoski v. Small, No. 5:07-0145, 2008 WL 3200811 at *19 (S.D. W. Va. 2004) ("[T]he only time requirement under Wolff is that the inmate receive written notice of the charge within 24 hours of a disciplinary hearing. There are no other time requirements necessary to comport with federal due process."); Moses, 2004 WL 3317657 at *7 ("Wolff holds that a hearing cannot be held less than 24 hours but it does not state that a hearing must be held within a certain number of days or months."). So long as

**PEROTTI V. PERDUE**                                                      **1:14CV112**

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

prison officials have satisfied the requirements of due process, Perotti is required to show actual prejudice to receive relief. Moses, 2004 WL 3317657 at *4 (citing Von Kahl v. Brennan, 855 F.Supp. 1413 (M.D.Pa. 1994)).

In his reply to the Supplemental R&R, Perotti cites a myriad of cases for the proposition that hearing delay can constitute a due process violation. (Dkt. No. 46 at 2). Unfortunately, none of these cases deals with delays in prisoner disciplinary proceedings. See C.I.R. v. Shapiro, 424 U.S. 614 (1976) (reviewing delay in hearing on tax levies by Internal Revenue Service); North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (1975) (reviewing the lack of an early hearing when property has been garnished); Mitchell v. W. T. Grant Co., 416 U.S. 600 (1974) (reviewing the lack of hearing on a writ of sequestration on encumbered property); Fuentes v. Shevin, 407 U.S. 67 (1972) (reviewing the constitutionality of a state replevin statute lacking a pre-seizure hearing); Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337 (1969) (reviewing the constitutionality of garnishment action without notice or prior hearing). Virtually all of the cases cited by Perotti relate to property takings subject to due process

**PEROTTI V. PERDUE**  1:14CV112

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

requirements; thus, they are inapposite to a prisoner due process claim related to disciplinary hearings while incarcerated.

The one case on which Perotti relies that does address prisoner disciplinary hearings is Vice v. Harvey, 458 F.Supp. 1031 (D.S.C. 1978). There, Vice received notice of a disciplinary hearing on a charge of "disrespect to an officer" during a transfer from one prison to another. Id. at 1033-34. Vice was immediately placed in administrative segregation pending his hearing; he later refused to attend his hearing and consequently lost six months of GCT.

Vice claimed that due process required Harvey to provide him with a hearing prior to placing him in administrative segregation. Id. at 1034. Not only does Vice not involve any issue of lengthy delay between an incident and a disciplinary hearing, it clearly is distinguishable from the instant situation where Perotti did have the benefit of a hearing *before* losing his GCT.[5] The result is that

---

[5] Perotti also cites Gittens v. LaFevre, 891 F.2d 38 (2d Cir. 1989). Gittens not only is not binding on this Court, but also, like Vice, the inmate there was placed in administrative segregation *prior* to any hearing. Thus, Gittens and Vice do not address the delay between the incidents and the hearings, but rather the imposition of a sanction without the benefit of a hearing in advance of such sanction. The only issue before this Court is whether the sanction imposed *after* Perotti's hearing, i.e. the loss of twenty-seven (27) days of GCT, violated due process

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
[DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

Perotti has not legitimately refuted the principles in Wolff, nor has he provided any justification for this Court to deviate from that established precedent.

The Court need not address whether the hearing held at FCI Fairton was in fact violative of Perottti's due process rights because that claim is moot. Although the factual record surrounding the hearing is sparse and largely unavailable, in point of fact it is undisputed that the BOP Regional Director agreed with Perotti that the disciplinary hearing at FCI Fairton was deficient,[6] (dkt. no. 8-1 at 2), and consequently granted in part his appeal from the disciplinary action and remanded the matter for rehearing. Id.

The BOP then struck the disciplinary action resulting from that flawed hearing from Perotti's Chronological Disciplinary Record and restored his twenty-seven (27) days of lost GCT. (Dkt. No. 17-1 at 2). The remand by the Regional Director thus

---

because of the delay between the incident and the hearing. Finally, the West Virginia Supreme Court of Appeals case on which Perotti relies, Tasker v. Griffith, 238 S.E.2d 229 (W.Va. 1977), addressed the four day segregation of an inmate without any evidence warranting the segregation.

[6] In granting Perotti's rehearing, the BOP Regional Director stated that "a review of [Perotti's] appeal revealed questions concerning the disciplinary hearing record and the documentary evidence used to support the charge." (Dkt. No. 8-1 at 2).

**PEROTTI V. PERDUE**  1:14CV112

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

effectively rendered moot Perotti's claim as to a deficient hearing at FCI Fairton. See Rojas v. Driver, No. 5:06CV88, 2007 WL 2789471 * 3,(N.D. W.Va. 2007), aff'd, Rojas v. Driver, 267 F. App'x 302 (4th Cir. 2008) (per curiam)(a remand for a disciplinary rehearing moots claims related to the first hearing)(internal citations omitted); Stoley v. O'Brien, No. 7:07CV00507, 2008 WL 2852023 (W.D. Va. 2008)(when a disciplinary action is given no effect, claims related to the first hearing are moot).

**B. Proper Respondent for Petition Challenging Perotti's Rehearing**

In its Order to recommit (dkt. no. 36), this Court noted that "any new claims alleging procedural defects in [Perotti's] rehearing are not properly raised in the first instance through objections to the R&R." (citing White v. Keller, No. 1:10CV841, 2013 WL 791008, at *4 (M.D.N.C. 2013) ("Nor does a petitioner fare better by raising new claims in objections to a recommended ruling.") (citations omitted)). Thus, issues surrounding any delay in, or the procedures employed during, Perotti's rehearing at FCI Leavenworth may only be addressed in a new § 2241 petition.

Of course, as Magistrate Judge Trumble noted in his Supplemental R&R, Perotti is "in the posture to contest the result of that rehearing and demonstrate actual prejudice which resulted

**PEROTTI V. PERDUE**  1:14CV112

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

from the delay between the alleged incident and the rehearing." (Dkt. No. 42). In his reply to the Supplemental R&R, Perotti challenges the fairness of his rehearing. As that rehearing, and any alleged due process violations, occurred at FCI Leavenworth, Kansas, after Perotti left this District, he has no recourse for those violations in this Court. Pursuant to 28 U.S.C. § 2241, a petitioner may only seek a writ of habeas corpus in the district in which he is in custody. See also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (quoting 28 U.S.C. § 2242)).

Thus, despite the fact that his first disciplinary hearing took place at FCI Fairton in New Jersey, Warden Perdue was the proper respondent to the first § 2241 petition because Perotti was then in custody at FCI Gilmer, situated in this District. When his rehearing took place, he was in custody at FCI Leavenworth, Kansas. He now is at FCI Greenville in Illinois, and therefore must seek relief there.

**VI. CONCLUSION**

15

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION [DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

To sum up, because due process does not mandate that a disciplinary hearing take place within any particular time frame after an incident, Perotti's claim that his due process rights were violated by undue delay fails. Even assuming his due process rights were violated due to administrative delay, Perotti's claim still fails because the remand and rehearing rendered any claims related to the first hearing moot. Moreover, claims by Perotti relating to any delay in or the procedures employed during his rehearing at FCI Leavenworth are cognizable only through the filing of a new § 2241 petition. Finally, because any new § 2241 petition must be filed in the judicial district where Perotti is currently incarcerated, Warden R.A. Perdue is not the proper respondent to answer claims related to that rehearing and must be dismissed from this action.

Therefore, for the reasons discussed, the Court:

1. **ADOPTS** the Supplemental Report and Recommendation in its entirety (dkt. no. 42);
2. **GRANTS** Respondent's Motion to Dismiss Warden R. A. Perdue (dkt. no. 16);
3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE**; and
4. **DIRECTS** the Clerk to **STRIKE** this case from its docket.

Should the petitioner desire to appeal from the decision of

**PEROTTI V. PERDUE**                                                       **1:14CV112**

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
[DKT. NO. 42], AND GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 16] AND DISMISSING CASE WITHOUT PREJUDICE**

this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: September 30, 2015.

                                                  /s/ Irene M. Keeley
                                                  IRENE M. KEELEY
                                                  UNITED STATES DISTRICT JUDGE